UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DAVID FIROVED,

      Petitioner,

 v.

RON HAYNES,

      Respondent.

Case No. C18-1382-TSZ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ryan Firoved is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from a 2013 King County Superior Court judgment and sentence. Respondent has filed an answer to petitioner's petition for writ of habeas corpus, together with relevant portions of the state court record. Petitioner has filed a response to respondent's answer. This Court, having carefully reviewed the petition, respondent's answer thereto, petitioner's response, and the balance of the record, concludes that petitioner's petition and this action should be dismissed, with prejudice, as petitioner's lone ground for relief is not eligible for federal habeas review.

/ / /

REPORT AND RECOMMENDATION - 1

## FACTUAL/PROCEDURAL BACKGROUND

On June 25, 2012, petitioner's girlfriend K.P. called the Kirkland Police Department and reported that petitioner had expressed an interest in having sex with her nine-year-old daughter. (Dkt. 12, Ex. 8 at 1-2.) Several months before K.P. contacted the police, petitioner told K.P. about his interest in, and prior sexual acts with, young girls, including his 14-year-old niece and his friend's 12-year-old sister. (*Id.*, Ex. 8 at 2.) Petitioner also told K.P. he had watched his eight-year-old daughter masturbate, and had masturbated while he watched, and he expressed a desire to have sex with his daughter. (*Id.*) Approximately a week before K.P. contacted the police, petitioner asked K.P. if he could "have her daughter," and indicated a desire to have K.P. watch while he had sex with her daughter. (*Id.*)

After first contacting police, K.P. engaged in a series of conversations and text message exchanges with petitioner during which he continued to express his desire to have sex with her daughter, and attempted to set up a time to meet with K.P. and her daughter. (*Id.*, Ex. 8 at 3.) On July 3, 2012, Kirkland Police Detective Allan O'Neill applied for and received a court order authorizing the interception and recording of telephone conversations between petitioner and K.P. (*Id.*, Ex. 8 at 4.) That same day, K.P. recorded two conversations between herself and petitioner. (*See id.*)

The first conversation took place while K.P. was at the police station with Detective O'Neill, and the call was recorded on equipment provided by and activated by Detective O'Neill. (*See id.*, Ex. 8 at 4 and Ex. 22 at 2.) In that conversation, petitioner discussed meeting at a hotel where he could have oral sex with K.P.'s daughter. (*Id.*) Later that day, while K.P. was at home, she recorded another conversation with petitioner on her wireless phone. (*See id.*, Ex. 8 at 4 and Ex. 22 at 3.) In that conversation, petitioner again expressed his desire to have oral sex with K.P.'s

REPORT AND RECOMMENDATION - 2

daughter, and made arrangements to meet K.P. and her daughter at a hotel the following Thursday. (*See* Dkt. 12, Ex. 8 at 4 and Ex. 22 at 3.) The police arrested petitioner when he arrived at the hotel. (*Id.*)

The State thereafter charged petitioner with one count of first degree attempted rape of a child. (*See id.*) Prior to trial, petitioner moved to suppress the recorded telephone conversations, arguing that the application for authority to intercept and record communications failed to comply with the requirements of Washington's Privacy Act, RCW 9.73. (*See id.*, Ex. 8 at 4.) The trial court denied the motion. (*See id.*) Petitioner proceeded to trial and a jury found petitioner guilty as charged. (*See id.*, Ex. 5 at 1.)

Petitioner appealed his conviction to the Washington Court of Appeals. (*See id.*, Ex. 6.) Petitioner's appellate counsel identified two assignments of error in petitioner's opening brief: (1) the trial court erred in failing to suppress the recordings of three phone calls that were intercepted by the police in violation of the Privacy Act; and (2) the trial court erred in failing to enter written findings of fact and conclusions of law as required by Washington Superior Court Criminal Rule (CrR) 3.6(b). (*See id.*, Ex. 6 at 1-2.) On March 9, 2015, the Court of Appeals issued an unpublished opinion affirming petitioner's conviction. (*Id.*, Ex. 8.)

Petitioner thereafter filed a petition for review in the Washington Supreme Court. (*Id.*, Ex. 9.) Petitioner presented a single ground for review to the Supreme Court; *i.e.*, that the application for interception of phone calls between petitioner and K.P. was deficient under Washington's Privacy Act because it failed to establish any need for the interception of petitioner's calls. (*See id.*) The Supreme Court denied review without comment on September 2, 2015, and the Court of Appeals issued its mandate terminating direct review on October 23, 2015. (*Id.*, Exs. 10, 11.)

On June 1, 2015, while his direct appeal was still pending, petitioner filed a personal

REPORT AND RECOMMENDATION - 3

restraint petition directly with the Washington Supreme Court. (Dkt. 12, Ex. 12.) Petitioner identified two grounds for relief in his petition: (1) the admission at trial of the recording of petitioner's second phone call with K.P. on July 3, 2012 violated his rights under Washington's Privacy Act because the recording was made by K.P. without law enforcement participation; and (2) appellate counsel's failure to raise an issue on direct appeal concerning K.P.'s recording of the second phone call without law enforcement participation violated his Sixth Amendment right to effective assistance of counsel. (*See id.*, Ex. 12 at 2-6.) The clerk of the Supreme Court transferred the petition to the Court of Appeals for consideration. (*See id.*, Ex. 13.)

The Court of Appeals thereafter stayed consideration of the petition pending final resolution of petitioner's direct appeal. (*Id.*, Ex. 14.) On April 13, 2016, the Court of Appeals issued an order lifting the stay and directing a response to the petition, and on October 7, 2016, the Court of Appeals issued an order dismissing the petition. (*Id.*, Exs. 15, 18.) Petitioner sought review of the Court of Appeals' order dismissing his personal restraint petition in the Washington Supreme Court. (*See id.*, Exs. 19, 20, 21.) Petitioner identified the following two issues for review in his motion for discretionary review:

> (1) This case mandates a review. There is a significant of law [sic] and public interest under the US Constitution amendments 4, 5, 6, 14, and Washington State Constitution Article 1 section 3, 7, 22 and R.C.W. statute 9.73. Does a warrant give an unauthorized, untrained, unspecified witness the ability to record phone calls without police presence?
>
> (2) By not raising the issue of the illegal unauthorized recording of the 2nd phone call under direct appeal It shifted the burden to the petitioner and created another prejudice. This shows an ineffective assistance of appellate counsel.

(*Id.*, Ex. 21 at 2-3.)

The commissioner of the Washington Supreme Court issued a ruling denying review on June 21, 2017. (Dkt. 12, Ex. 22.) Petitioner subsequently filed a motion to modify the

REPORT AND RECOMMENDATION - 4

commissioner's ruling, and that motion was denied on November 8, 2017.  (*Id.*, Exs. 25, 26.)  The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on December 8, 2017.  (*Id.*, Ex. 27.)

On January 8, 2016, while his personal restraint petition was stayed in the Court of Appeals, petitioner filed a motion to modify his judgment and sentence in the King County Superior Court.  (*Id.*, Ex. 28.)  Petitioner argued in that motion that there was insufficient evidence to support his conviction. (*See id.*)  The Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition.  (*Id.*, Ex. 29.)  On June 10, 2016, the Court of Appeals issued an order dismissing the petition.  (*Id.*, Ex. 33.)  Petitioner did not seek further review by the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in that personal restraint proceeding on August 12, 2016.  (*Id.*, Ex. 34.)  Petitioner now seeks federal habeas review of his conviction.

GROUND FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

1. The Trial Court Violated Mr. Firoved's Fourth Amendment Constitutional Rights when it Denied the Defense Motion to Suppress Evidence of a Second Recorded Phone Call which was obtained in Violation of the Fourth Amendment

(Dkt. 7 at 11.)

DISCUSSION

Respondent asserts in his answer to petitioner's federal habeas petition that petitioner's habeas claim was never presented to the state courts and is now procedurally barred.  (Dkt. 11 at 9-12.)  Respondent further asserts that petitioner's claim alleging a Fourth Amendment violation is barred under the *Stone v. Powell* doctrine.  (*Id.* at 12-14.)  Petitioner, in his response to

REPORT AND RECOMMENDATION - 5

respondent's answer, argues that his Fourth Amendment claim has been properly exhausted, that the claim is not barred by *Stone v. Powell*, and that he is entitled to relief on the merits of his claim. (*See* Dkt. 13.)

Exhaustion/Procedural Bar

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

It is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id*. "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

A habeas petitioner who fails to meet a state's procedural requirements for presenting his federal claims deprives the state courts of the opportunity to address those claims in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Presenting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent

REPORT AND RECOMMENDATION - 6

special circumstances does not constitute fair presentation of the claim for exhaustion purposes. *Casey v. Moore*, 386 F.3d 896, 916-17 (2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

The record makes clear that petitioner challenged the trial court's denial of his motion to suppress recordings of his phone calls with K.P. on direct appeal and in his first personal restraint petition. However, those challenges were based solely on alleged violations of the Washington State Privacy Act. At no time did petitioner present any argument to the state courts that the admission of the recordings violated his Fourth Amendment rights. Petitioner did cite to the Fourth Amendment, and to other federal and state constitutional provisions, in his motion for discretionary review in his first personal restraint proceeding. However, as the Ninth Circuit has explained, "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). Petitioner at no time articulated any federal legal theory based upon Fourth Amendment concerns.

Petitioner's suggestion that the state courts should have intuited a Fourth Amendment claim from the state law cases he cited in his briefs is unavailing. It was petitioner's responsibility to alert the state courts at each level of review that he was raising a federal constitutional claim, *and* to articulate his federal legal theory for the state courts so that they might pass upon his federal claim. Petitioner did not do this and, thus, this Court must conclude that petitioner's Fourth Amendment claim has not been properly exhausted.

When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman*, 501 U.S. at 735 n. 1.

REPORT AND RECOMMENDATION - 7

Respondent asserts that petitioner, having failed to properly exhaust his federal habeas claim, would now be barred from presenting his claim to the state courts under the state time bar statute, RCW 10.73.090. RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Petitioner's conviction became final on October 23, 2015 when the Washington Court of Appeals issued its mandate terminating direct review. RCW 10.73.090(3)(b). It therefore appears clear that petitioner would now be time barred from returning to the state courts to present his unexhausted claim. This Court therefore concludes that petitioner has procedurally defaulted on his federal habeas claim.

When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id*. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a

REPORT AND RECOMMENDATION - 8

defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Petitioner makes no effort to show cause or prejudice for his default, nor does he make any showing that failure to consider his defaulted claim will result in a fundamental miscarriage of justice. Petitioner therefore fails to demonstrate that his unexhausted claim is eligible for federal habeas review.

Cognizability of Fourth Amendment Claim

Even assuming petitioner had properly exhausted his Fourth Amendment claim in the state courts, the claim would still not be cognizable in this federal habeas action. In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that federal habeas review of a Fourth Amendment claim is barred unless the petitioner can show that he was "denied an opportunity for full and fair litigation of that claim at trial and on direct review." *Id*. at 494 n. 37. The Court reasoned that because Fourth Amendment claims turn on police misconduct and not on actual guilt or innocence, they have "no bearing on the basic justice of [one's] incarceration." *Id*. at 491-92 n. 31.

Petitioner argues that he did not have an opportunity for full and fair litigation of his Fourth Amendment claim in the state courts. However, petitioner again bases his argument on his belief that the state courts should have intuited a Fourth Amendment claim from his briefs, but failed to do so. Petitioner's argument is not persuasive. There is nothing in the record demonstrating that petitioner was denied the opportunity to litigate his Fourth Amendment claim in the state courts. Rather, the record demonstrates that petitioner elected to pursue his challenge to the trial court's failure to suppress evidence under state law rather than under federal law. This choice of strategy does entitle petitioner to now seek review of a claim that he had every opportunity to pursue in the state courts. Accordingly, this Court concludes that even if petitioner's Fourth Amendment claim

REPORT AND RECOMMENDATION - 9

could be deemed properly exhausted, the claim is nonetheless barred under *Stone v. Powell*.

<u>Certificate of Appealability</u>

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability.

<u>CONCLUSION</u>

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus be dismissed with prejudice because petitioner's lone ground for relief is not eligible for federal habeas review. This Court also recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION - 10

ready for consideration by the District Judge on **February 22, 2019**.

DATED this 28th day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11